UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MISITANO, Independent Administrator Estate of Bobby Joe James, Sr., Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 20- 3308-MMM |
| | ) |
| WEXFORD HEALTH SOURCES, INC., et al., | ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendant Wexford Health Sources Inc. has filed a Motion to Dismiss some, but not all, of the allegations directed against it in Count VI of Plaintiff's Complaint. [ECF 10]. Plaintiff, represented by counsel, has filed a response. After due consideration, the Court hereby GRANTS Defendant's Motion to Dismiss, dismissing the *respondeat superior* claims alleged pursuant to 42 U.S.C. § 1983, and allowing the state court *respondeat superior* claims to proceed.

## STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. Pro. 12(b)(6). To avoid dismissal, Plaintiff's claim must contain allegations that "state a claim to relief that is plausible on its face." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665 (7th Cir. 2013). The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007), *quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In reviewing the sufficiency of a complaint under the plausibility standard, this court must accept

the well-pleaded facts in the complaint as true. *Alam*, 709 F.3d at 665-66; *Twombly*, 550 U.S. at 555-556 (2007).

## ANALYSIS

In Count VI, Plaintiff pleads a *respondeat superior* claim against Wexford under federal law as well as state law. Defendant's motion to dismiss addresses only the federal *respondeat superior* claim. There, Defendant asserts that its potential liability for constitutional injury is limited by *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978) (finding that municipality liable may attach where a constitutional injury results from a municipality's policy or practice). *See Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying *Monell* liability to private corporations performing governmental functions). As Defendant correctly asserts, under the current state of the law, Wexford has no potential liability under §1983 for the misdeeds of its employees, as a defendant is only responsible for its own misdeeds, not those of others. *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007).

Plaintiff has filed a response, admitting that it has asserted both the aforementioned federal and state-law *respondeat superior* claims against Wexford. Plaintiff, however, points to dicta in *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782, 793 (7th Cir. 2014) which questioned whether § 1983 should continue to be applied to shield private employers from *respondeat superior* liability. The Seventh Circuit, however, did not decide this issue, finding that Plaintiff had credibly demonstrated a *Monell* claim, that he had been harmed though a policy of defendant. Although given the opportunity, the Seventh Circuit has not revisited this issue, stating in *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 522 (7th Cir. 2019) "[b]ut we declined to hear Shields *en banc* and since then we have chosen to leave *Iskander* undisturbed."

*See Iskander* at 128 ("a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights.") *See also*, *Barrow v. Wexford*, 816 Fed.Appx. 1, 5 (7th Cir. 2020) (refusing to "overrule circuit precedent and allow for corporations to be vicariously liable under § 1983 for their employees' unlawful acts.") Consistent with *Barrow*, this Court sees not reason to overrule current precedent so as to recognize *respondeat superior* liability for a private corporation under § 1983.

**IT IS THEREFORE ORDERED:**

Defendant's motion to dismiss those allegations of Count VI asserting a § 1983 *respondeat superior* claim [ECF 10], is GRANTED. The state court *respondeat superior* claim will remain.

 4/9/2021                                                       s/ Michael M. Mihm
ENTERED                                                  MICHAEL M. MIHM
                                                         UNITED STATES DISTRICT JUDGE